FILED
MAR 16 2010
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY L. MOORE, :
:
          Plaintiff, :
v. : Civil Action No. **10 0434**
:
UNITED STATES DISTRICT COURT :
FOR THE DISTRICT OF ARIZONA, :
:
          Defendant. :

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss the complaint.[1]

Plaintiff states that he has filed cases in the United States District Court for the District of Arizona, and he deems the performance of the assigned judge to be "slotful [sic] and careless[.]" Compl. at 5. Plaintiff requests the transfer of all cases to this district "for 'special action' to be done by the court to review and or investigate" the matter. *Id.* at 7.

Assuming without deciding that plaintiff states a cognizable claim, the relief he

---

[1] The Court notes that plaintiff already has accumulated two "strikes" under 28 U.S.C. § 1915(g). *See Moore v. Futrell*, No. 09-2093 (D. Ariz. Mar. 5, 2010) (dismissing civil action for failure to state a claim upon which relief may be granted); *Moore v. Hindmarch*, No. 09-1461 (D. Ariz. Jan. 7, 2010) (dismissing civil action for failure to state a claim upon which relief may be granted). He might earn two additional "strikes" in the near future. *See Moore v. Arpaio*, No. 09-1492 (D. Ariz. Mar. 1, 2010) (order dismissing complaint without prejudice for failure to state a claim upon which relief can be granted, but allowing plaintiff 30 days within which to file an amended complaint); *Moore v. Maricopa County Sheriff's Office*, No. 09-2232 (D. Ariz. Feb. 19, 2010) (order dismissing complaint without prejudice for failure to state a claim upon which relief can be granted, but allowing plaintiff 30 days within which to file an amended complaint). If plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis* unless he demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

demands is not available. Federal district courts are courts of limited jurisdiction and "possess only that power conferred by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The powers conferred on the federal district courts do not include the power to review the decisions of other district courts or to force other district courts to act. *See Johnson v. Camilletti*, No. 09-1110, 2009 WL 1708802, at *1 (D.D.C. June 17, 2009) ("This Court lacks subject matter jurisdiction to review the proceedings of another [district] court."); *see also* 28 U.S.C. § 1291 (conferring "jurisdiction of appeals from all final decisions of the district courts of the United States" to the federal courts of appeals ). "The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988).

Accordingly, the Court will dismiss this action for lack of subject matter jurisdiction. An Order consistent with this Memorandum is issued separately on this same date.

_____
United States District Judge

Date: 3/12/10